**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                             4:09-CR-00163-WRW

**GARRET SORENSEN (01)
SHANNON WALTERS (03)**

<u>**ORDER**</u>

Pending are Defendants Garret Sorensen's and Shannon Walters's Motions to Dismiss Indictment (Doc. Nos. 17, 27).  The Prosecution has responded.[1]  The motions are DENIED.

**I.    BACKGROUND**

The following is a summary of the Indictment:

Garret Sorensen, Katherine Sorensen, and Shannon Walters, in late 2005, "created Multi-Media Management ('MMM'), a sole proprietorship which they represented to be a media placement company."[2]  Specifically, on October 27, 2005, Garret Sorensen and Katherine Sorensen opened P.O. Box 7183, Sherwood, Arkansas.  About a week later, Katherine Sorensen and Shannon Walters opened a bank account for MMM, with an initial $500 deposit, and listed P.O. Box 7183 as MMM's mailing address.

Then, Mr. Sorensen, through his capacity as Vice President of Advertising for USA Drug, hired MMM to "assist USA Drug in negotiating and placing advertising."[3]  MMM accumulated invoices from vendors, "added additional cost[s] to the bill from each vendor without identifying the existence of the cost or the amount," and presented the new bill, without disclosing the

---

[1] Doc. Nos. 26, 28.

[2] Doc. No. 1.

[3] *Id.*

1

original vendor invoice, to USA Drug for payment.  Invoices from MMM were approved and authorized by Garret Sorensen for payment by USA Drug.  USA Drug paid MMM for the services by sending checks to P.O. Box 7183.  During this time, MMM received approximately $525,558.77 from USA Drug by "increasing the per rate charge of the vendor"; "increasing the quantity of items for which the bill applied"; billing for services from a vendor that were not actually provided, and double billing for services.  All but the original $500 deposited in the MMM account were "funds derived from [Defendants'] fraudulent activities. . . ."

USA Drug was unaware of Mr. Sorensen's financial stake in MMM, and was unaware of the additional expenses that were being tacked on to invoices by MMM.

## II.   DISCUSSION

### A.   Unconstitutionally Vague Statute

Defendants assert that 18 U.S.C. § 1346 is "unconstitutionally vague" and the Indictment should be dismissed.  "A penal statute is unconstitutionally vague if it fails to 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'"[4]  The Prosecution asserts, and I agree, that "18 U.S.C. § 1346 together with § 1341, gives the person of ordinary intelligence a reasonable opportunity to understand that conduct of the type in which Sorensen engaged, creating and using a secondary company and the mails surreptitiously to overcharge the company he was employed by, was a violation of the law."[5]

---

[4]*United States v. Orchard*, 332 F.3d 1133, 1137-38 (8th Cir. 2003), quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

[5]Doc. No. 26.

B.     **Insufficient Indictment**

Each of Defendants' criticisms of the Indictment is without merit. "An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs the defendant of the charge against which he or she must defend and (2) enables him or her to plead double jeopardy as a bar to further prosecution."[6] The indictment sufficiently alleges that Defendants agreed to create a company, which, because of Mr. Sorensen's position at USA Drug, was hired by USA Drug to perform "media placement services." However, the company "charged USA Drug higher rates" than USA Drug had paid other companies, billed for services that were not provided, double billed, and charged for more "quantities of inserts than were actually placed." Payments for the services were sent to MMM's mailing address, P.O. Box 7183, Sherwood, AR -- an address registered to Garret Sorensen and Katherine Sorensen. Defendants financially harmed USA Drug, which resulted in Defendants' financial benefit.

## CONCLUSION

Based on the findings of fact and conclusions of law above, the Motions to Dismiss Indictment (Doc. Nos. 17, 27) are DENIED.

IT IS SO ORDERED this 22nd day of September, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[6]*United States v. Stands*, 105 F.3d 1565, 1575 (8th Cir. 1997) (citations omitted).