IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              4:09CR00163(1-2)-BRW

GARRET SORENSEN
KATHERINE SORENSEN

### ORDER

Pending is Defendant Garret Sorensen's Motion to Dismiss the Superceding Indictment (Doc. No. 69), which was adopted by Defendant Katherine Sorensen.[1] The Prosecution has responded,[2] Defendants have replied,[3] and the Prosecution has filed a sur-response.[4]

For the reasons set forth below, the Motion is DENIED.

**I.   BACKGROUND**

In June 2009, Garret Sorensen, Katherine Sorensen, and Shannon Walters were indicted for conspiracy to commit mail fraud (one count), mail fraud (twenty-nine counts), and money laundering (two counts). The conspiracy and substantive mail fraud charges were based on alleged violations of 18 U.S.C. §§ 1349 (conspiracy to commit mail fraud), 1341 (mail fraud), and 1346 (deprivation of honest services).[5]

---

[1] Doc. No. 86.

[2] Doc. No. 82.

[3] Doc. No. 99.

[4] Doc. No. 100.

[5] Doc. No. 1.

Following the Supreme Court's decision in *Skilling v. United States*,[6] the Prosecution obtained a Superceding Indictment,[7] again charging Defendants with conspiracy to commit mail fraud, mail fraud, and money laundering—this time eliminating any reference to the honest services provision of 18 U.S.C. § 1346. Defendants are charged with creating what they represented to be a media placement company, Multi-Media Management ("MMM"); concealing their association with MMM from Garret Sorensen's employer, USA Drug; and defrauding USA Drug by obtaining payments for invoices containing "fraudulent and material misrepresentations."[8] The Superceding Indictment alleges these misrepresentations included one or more of the following: (a) increased the per rate charge of the vendor by an undisclosed amount; (b) increased the quantity of items for which the bill applied; or (c) billed USA Drug for services of a vendor that did not provide services.[9]

## II.   GRAND JURY PROCEEDINGS

First, I address Defendants' request for an *in camera* review of the transcripts from the grand jury proceedings for the first and superceding indictments. Defendants contend that there may be grounds for dismissing the indictment based on prosecutorial misconduct. They theorize that the grand jury that returned the Superceding Indictment could have been improperly

---

[6]130 S. Ct. 2896 (2010) (holding that the honest services statute, 18 U.S.C. § 1346, criminalizes only bribery and kickback schemes).

[7]Doc. No. 47.

[8]*Id.*

[9]*Id.*

instructed under the honest services statute, the theory of honest services fraud could have been referenced, or the prosecutor could have acted as a witness before the grand jury.[10]

There is a strong presumption of regularity in grand jury proceedings, and a defendant has a heavy burden in proving irregularities.[11]  Here, Defendants have failed to show a particularized need for a review of the grand jury proceedings.[12]  Defendants contend that a June 3, 2009 press release from the U.S. Attorney's Office improperly commented on the merits of the case.[13]  They also point to a September 6, 2010 article in *Arkansas Business*, which stated that the Superceding Indictment increased the amount of the loss alleged, but failed to mention the removal of the "honest services" provision.  Defendants seem to contend that the Prosecution had an affirmative duty to inform the press that the honest-services theory no longer applies, and their failure to do so means they failed to properly instruct the grand jury.  Additionally,

---

[10]Two different grand juries considered the first and second indictments (Doc. No. 82.), so Defendants' concerns in that regard are not well-founded.

[11]*United States v. McKie*, 831 F.2d 819, 821 (8th Cir. 1987).

[12]*United States v. Rostenkowski*, 59 F.3d 1291, 1313 (D.C. Cir. 1995) (affirming the district court's denial of a request for an *in camera* review of grand jury proceedings, finding that the defendant was required to provide "at least some reason to believe"misconduct had occurred); *United States v. Welch*, 201 F.R.D. 521, 525 (D. Utah 2001) (*in camera* review is to be conducted only upon a showing of particularized need; "[d]istrict courts should not be obligated to conduct *in camera* review on bare speculation, generalized complaint, or a fishing expedition"); *United States v. Abrams*, 539 F. Supp. 378, 388–89 (S.D.N.Y. 1982) (court will not review the sufficiency or legality of the evidence presented to a grand jury without a showing of particularized need).

[13]The press release concerns the U.S. Attorney's Office's "firm commitment" to investigating and prosecuting "corporate insiders who engage in self-dealing to the detriment of their employer."  Defendants contend that these comments violate regulations prohibiting the release of information for the purpose of influencing trial. (Doc. No. 68.)  Considering how far ahead of trial this press release was issued, there is no reasonable chance that it would influence the trier of fact.

Defendants argue in their reply brief that the Prosecution's actions in another case[14] raise questions of possible misconduct in this case.

First, I specifically found that no deliberate misconduct occurred in the other case,[15] so Defendants' arguments on this point are unpersuasive. And I do not believe that the conduct Defendants point to raises any legitimate concern about prosecutorial misconduct before the grand jury in the present case.

Defendants have failed to provide any reason to believe that prosecutorial misconduct occurred in the grand jury proceedings. Accordingly, I decline to review the grand jury transcripts.

### III.  STANDARD

Defendants seek dismissal of the Superceding Indictment under Federal Rule of Criminal Procedure 12(b) on the grounds that it fails to state a violation of federal criminal statutes. Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Eighth Circuit has set out the standards for determining the sufficiency of an indictment as follows:

> An indictment adequately states an offense if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.[16]

---

[14]*United States v. Porchay*, No. 4:07CR00308-01-WRW (E.D. Ark.).

[15]Doc. No. 100-1.

[16]*United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citing *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002)) (internal quotations omitted).

## IV.    DISCUSSION

Defendants argue that the Superceding Indictment should be dismissed because it: (1) is based on the now-impermissible honest-services theory; (2) fails to allege that they intended to harm USA Drug; and (3) fails to charge a scheme to defraud because the actions taken together were not fraudulent.[17]

The essential elements of mail fraud under § 1341 are (1) a scheme to defraud; (2) the use of the mails for the purposes of executing the scheme; and (3) the intent to commit fraud.[18]  "The scheme 'need not be fraudulent on its face but must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension.'"[19]  The Eighth Circuit has described the scope of the mail fraud statute as follows:

> [t]he crime of mail fraud is broad in scope. . . . The fraudulent aspect of the scheme to "defraud" is measured by a nontechnical standard. . . . Law puts its imprimatur on the accepted moral standards and condemns conduct which fails to match the

---

[17] Also, without citation to authority, Defendants contend that the Prosecution has cited the wrong statute for the conspiracy charge because 18 U.S.C. § 1349 is only a penalty enhancement statute.  This statute has been used to charge conspiracy to commit mail fraud in other cases, *e.g.*, *United States v. Henoud*, 228 F. App'x 308, 310 (4th Cir. 2007), and I see no reason to disallow it here.  Further, I will not strike as surplusage the overt acts outlined in the Superceding Indictment.  *See United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007) (stating that a motion to strike surplusage from an indictment "should be granted only where it is clear from the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter").

[18] *United States v. Manzer*, 69 F.3d. 222, 226 (8th Cir. 1995).  It has also been stated that a mail fraud conviction requires proof that the defendant (1) voluntarily and intentionally devised or participated in a scheme to defraud, (2) entered into the scheme with the intent to defraud, (3) knew it was reasonably foreseeable that the mails would be used, and (4) used the mails in furtherance of the scheme. *E.g.*, *United States v. Bearden*, 265 F.3d 732, 736 (8th Cir. 2001).

[19] *Hawkey*, 148 F.3d at 924 (quoting *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995)).

"reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of the members of society." This is indeed broad. For as Judge Holmes once observed, "[t]he law does not define fraud; it needs no definition. It is as old as falsehood and as versable as human ingenuity."[20]

Here, the first indictment alleged both honest services mail fraud under 18 U.S.C. § 1346 and conventional mail fraud under § 1341. The Prosecution later obtained the Superceding Indictment to remove the honest services fraud allegation, alleging for the substantive mail fraud charges a scheme to defraud USA Drug of property (money) in violation of 18 U.S.C. §§ 1341 and 2.

Defendants argue that the language in the Superceding Indictment regarding Garret Sorensen concealing his involvement with MMM necessarily implicates a breach of fiduciary duty and an honest-services violation. I disagree. The allegations regarding Defendants' concealment are a part of the manner in which they allegedly carried out the scheme to defraud USA Drug. The Prosecution alleges that the concealment of the ownership of MMM and its invoices was for the purpose of obtaining money from USA Drug. Whether Defendant Garret Sorensen had any independent duty to disclose certain information regarding MMM is irrelevant.[21]

Next, Defendants contend that the Superceding Indictment is defective because it fails to allege that they intended to harm USA Drug. For the substantive mail fraud counts, the Superceding Indictment alleges that Defendants "participated in a scheme and artifice to defraud USA Drug by depriving it of property, that is, money." Defendants suggest that the Prosecution

---

[20]*United States v. Bishop*, 825 F.2d 1278, 1280 (8th Cir. 1987) (citing *United States v. States*, 488 F.2d 761 (8th Cir. 1973)) (internal citations omitted).

[21]See *United States v. Colton*, 231 F.3d 890 (4th Cir. 2000) (stating that even in the absence of any legal duty to disclose material information, fraud includes acts taken to conceal, create a false impression, mislead, or otherwise deceive in order to prevent the other party from acquiring material information).

6

"has confused the requirement of properly pleading the offense of mail fraud with its proof that the defendants intended to harm by depriving USA Drug of money."[22]

Intent to harm is not an element of mail fraud. While intent to defraud is an element of mail fraud, an indictment for mail fraud need not specifically charge the necessary specific intent.[23] "An intent to inflict economic harm on or injure the property rights of another is not an element of federal mail or wire fraud. . . . The notion of harm in a mail or wire fraud prosecution is important only in the sense that proof of contemplated or actual harm to the victim or others is one means of establishing the necessary intent to defraud."[24]

Finally, Defendants argue that the Superceding Indictment fails to charge a scheme to defraud USA Drug because the actions taken together were not fraudulent. In an argument that overlaps their argument regarding intent, Defendants essentially contend that their acts were innocent and, taken together, do not constitute material misrepresentations that could be construed as a scheme to defraud.

Defendants are correct that, to constitute mail fraud, misrepresentations must be material.[25] "[W]hen materiality is an element of a criminal fraud offense, the question of materiality must be submitted to the jury" unless no reasonable jury could make the requisite materiality finding.[26] In general, a representation is material if it "has a natural tendency to

---

[22]Doc. No. 68.

[23]*United States v. Kent*, 602 F.2d 542, 545 n. 3 (5th Cir. 1979).

[24]*United States v. Welch*, 327 F.3d 1081, 1104–1105 (10th Cir. 2003).

[25]*United States v. Bryant*, 606 F.3d 912, 917–18 (8th Cir. 2010) (citing *Neder v. United States*, 527 U.S. 1 (1999)).

[26]*United States v. Ferro*, 252 F.3d 964, 967 (8th Cir. 2001) (citing *United States v. Gaudin*, 515 U.S. 506 (1995)).

influence, or is capable of influencing, the decision" of a reasonable person in deciding to engage in a particular transaction.[27]  Here, the Superceding Indictment charges Defendants with making materially false representations. Specifically, it alleges that "[t]he MMM invoices to USA Drug contained fraudulent and material misrepresentations in that they did one or more of the following:  (a) increased the per rate charge of the vendor by an undisclosed amount; (b) increased the quantity of items for which the bill applied; and/or (c) billed USA Drug for services of a vendor that did not provide services."[28]  These allegations are sufficient to survive Defendants' Motion to Dismiss on this point.

## CONCLUSION

The crux of Defendants' argument is that the Prosecution improperly continues to use the honest services theory.  Defendants repeatedly assert that the facts alleged in the Superceding Indictment are a series of innocent acts, which taken together do not support charges of mail fraud or conspiracy to commit mail fraud post-*Skilling*.  Good faith is a complete defense to a charge of mail fraud,[29] and Defendants will have an opportunity to make the above arguments to the jury.  At this stage, however, I must accept the factual allegations in the indictment as true.[30]  Because the Superceding Indictment sufficiently sets forth the charges on all counts, the Motion to Dismiss must be denied.

Based on the findings of fact and conclusions of law above, the Motion to Dismiss the Superceding Indictment (Doc. No. 69)  is DENIED.

---

[27]*Neder v. United States*, 527 U.S. 1 (1999); *Preston v. United States*, 312 F.3d 959 (8th Cir. 2002).

[28]Doc. No. 47.

[29]*United States v. Sherer*, 653 F.2d 334, 337 (8th Cir. 1981).

[30]*United States v. Hughson*, 488 F. Supp. 2d 835, 841 (D. Minn. 2007).

IT IS SO ORDERED this 6th day of May, 2011.

          /s/Billy Roy Wilson
    UNITED STATES DISTRICT JUDGE

9

IT IS SO ORDERED this 6th day of May, 2011.

          /s/Billy Roy Wilson
    UNITED STATES DISTRICT JUDGE